**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| API ENTERPRISES, INC.,           ) | |
|                          ) | |
|       Plaintiff,           ) | |
|                          ) | |
| vs.                            ) | Case No. CIV-07-853-M |
|                          ) | |
| AMERICAN STANDARD, INC., d.b.a.     ) | |
| TRANE,                     ) | |
|                          ) | |
|       Defendant.       ) | |

## ORDER

Before the Court is defendant's Motion for Summary Judgment [docket no. 17], filed February 1, 2008. On February 19, 2008, plaintiff filed its response, and on February 28, 2008, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

### I. INTRODUCTION

This litigation arises in connection with the October 2003 sale by defendant of an air cooled water chiller to plaintiff. The chiller was installed at plaintiff's place of business, ultimately froze and damaged the equipment during a wave of cold weather in February 2005. Plaintiff commenced this action against defendant in the District Court of Oklahoma County. This action was removed to the United States District Court for the Western District of Oklahoma on the basis of diversity. Plaintiff alleges claims of unconscionability, breach of express and implied warranties, misrepresentation, breach of fiduciary duty and violation of the Oklahoma Consumer Protection Act. Defendant now moves for summary judgment as to plaintiff's claims.

### II. SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving

party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pacific R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. DISCUSSION

    A. <u>Unconscionable Contract or Clause</u>

The Oklahoma statute which governs unconscionable contract or clause provides:

> If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

OKLA. STAT. tit. 12A, § 2-302. The test of whether a contractual provision is unconscionable is suggested by Official Comment 1 to OKLA. STAT. tit. 12A, § 2-302. In pertinent part, that comment states:

> The basic test is whether, in the light of the general commercial background and the commercial needs of the particular trade or case, the causes involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract....The principle is one of the prevention of oppression and unfair surprise ... and not of disturbance of allocation of risks because of superior bargaining power.

In this case, plaintiff alleges there is an issue of fact concerning whether the warranty provision[1] is unconscionable. Plaintiff cites an additional factor the Court may look to for unconscionability: "where one party has been misled as to the nature of the bargain." *Phillips Mach. Co. v. LeBlonde, Inc.*, 494 F. Supp. 318, 323 (N.D. Okla. 1980). Specifically, plaintiff contends that defendant misled its representative by proposing to sell a replacement chiller which did not meet the needs of plaintiff.

Having reviewed the parties' submissions, the Court finds that the warranty provision at issue does not rise to the level of unconscionability. Specifically, plaintiff negotiated the purchase price of the chiller from over $150,000 down to $105,000, a nearly one-third reduction of the purchase price. In viewing the evidence in the light most favorable to plaintiff, the evidence tends to show that plaintiff negotiated a significant reduction in the purchase price in exchange for the elimination of an extended warranty contractual provision. Thus, the Court finds the resulting contract reflects a bargained-for exchange and allocation of risk which was not so one-sided to be considered unconscionable. Further, even if the Court adopts the additional factor plaintiff cited, the Court finds plaintiff finds failed to offer any evidentiary support that it was misled. Accordingly,

---

[1]*See* Defendant's Motion for Summary Judgment, Exhibit 1 for Warranty and Liability, Warranty Disclaimer, and Liability Disclaimer provisions.

the Court grants defendant's motion for summary judgment as to plaintiff's unconscionable contract or clause claim.

B.   Fiduciary Duty

Under Oklahoma law, "the existence of ... a fiduciary relationship is a question of fact which must be proven by the party asserting the relationship". *Steinbrugge v. Haddock*, 281 F.2d 871, 872 (10th Cir. 1960). "Fiduciary relationships are not limited to any specific legal relationship, but can arise anytime the facts and circumstances surrounding a relationship would allow a reasonably prudent person to repose confidence in another person." *Quinlan v. Koch Indus., Inc.*, 25 F.3d 936, 642 (10th Cir. 1994) (internal citations omitted). The Tenth Circuit reviewed Oklahoma law concerning fiduciary relationships:

> Certainly, most contracts involve a degree of the factors indicative of reposed trust and confidence. For example, all contracts ultimately involve mutual intent, and many involve disparate bargaining power; however, only those instances which involve a veritable substitution of the will of the defendant for that of the plaintiff in material matters involved in the transaction will give rise to fiduciary duties.

*Devery Implement Co. v. J.I. Case Co.*, 944 F.2d 724, 730 (10th Cir. 1991) (internal citations omitted).

In this case, plaintiff alleges a fiduciary relationship with defendant based upon the parties' exclusive deals over the years. Plaintiff contends that all of its chillers were purchased from defendant and serviced by defendant, and, therefore, an attitude of trust and confidence in defendant arose.

Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds that no fiduciary relationship exists between plaintiff and defendant as a matter of law. As previously stated, the evidence sufficiently demonstrates that

plaintiff negotiated a nearly one-third discount in the purchase price of the now disputed equipment. Given this circumstance, there is hardly a veritable substitution of the will of defendant for that of plaintiff on such a material matter which would give rise to a fiduciary duty. Furthermore, plaintiff has cited no cases in which a seller of goods was held to be a fiduciary of the purchaser. Even if the parties dealings over the years were sufficient to give rise to a fiduciary relationship, the result would be to extend liability to near limitless dimensions, and the Court declines to do so. Accordingly, the Court grants defendant's motion for summary judgment as to plaintiff's fiduciary duty claim.

    C.    Misrepresentation and/or Fraud

"To pursue [a] claim for fraud, [plaintiff] must prove a) Defendant made a material representation; b) that the representation was false; c) Defendant knew it was false or made it recklessly, without regard for its truth; d) Defendant made it with the intention that Plaintiff act upon it; and e) injury was suffered by Plaintiff as a result." *McCain v. Combined Commc'n Corp. of Okla, Inc.*, 975 P.2d 865, 867 (citing OKLA. STAT. tit. 76, §3). One class of statements that courts have uniformly held not to be actionable are those statements described as sales talk or "puffing". *See Bankers' Trust Co. v. Brown*, 107 P.3d 609, 614 (Okla. Civ. App. 2005) (representations that 12.875% interest rate was reasonable and that loan terms and monthly payments were reasonable relative to borrower's financial situation "would be mere marketplace puffing"). To distinguish between a false representation and puffing the statement is analyzed with respect to whether the representation is about existing facts or future events:

> Generally, a false representation must be regarding existing facts and not to future events. An exception to this general rule is thus: Such prophecy does, however, always carry an implied representation that the speaker knows of no facts which will prevent it from being

> accomplished; and as in the case of any other opinion, it has been held that there may be reasonable reliance upon the assertion where the speaker purports to have special knowledge of facts which would justify the expectations he is raising. One court has stated: The fact that statements relate to the future will not preclude liability for fraud if such statements were intended and accepted as representations of fact and involved a matter peculiar within the speaker's knowledge.

*Hall v. Edge*, 782 P.2d 122, 128 n.4 (Okla. 1989) (internal citations and quotations omitted).

In this case, plaintiff alleges that defendant represented that the chiller did not require a manual switch to protect the unit from freezing and plaintiff relied on defendant's representation that the chiller's automatic switch would prevent the unit from freezing. The chiller, however, ultimately froze up due to the malfunctioning of the automatic switch. For its part, defendant contends that its representations that the chiller would last a long time and that the unit's control circuit would automatically cause the evaporator pump to function when necessary (and therefore a manual switch was unnecessary) fall into the category of puffing.

Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds there is a genuine issue of material fact as to whether defendant's representations were misrepresentations or mere puffery, and whether plaintiff relied on these representations to its detriment. Specifically, the Court finds sufficient evidentiary support to demonstrate: (1) defendant represented to plaintiff that the chiller did not require a manual switch and prevented freezing automatically; (2) defendant's representations were false; (3) defendant knew it's representations were false or made in reckless disregard for the truth; (4) plaintiff reasonably relied on defendant's representations; and (5) plaintiff suffered injury as a result. Further, even if the Court accepts defendant's contention that statements concerning future events are puffing, the "fact that statements relate to the future will not preclude liability for fraud if such

statements were intended and accepted as representations of fact and involved a matter peculiarly within the speaker's knowledge". *Id.* at 128. Accordingly, the Court DENIES plaintiff's motion for summary judgment as to plaintiff's misrepresentation and/or fraud claim.

### D.   Oklahoma Consumer Protection Act

Oklahoma recognizes a separate cause of action pertaining to unlawful practices. *See* OKLA. STAT. tit. 15, §753, *et seq*. The relevant statute, in pertinent part, states as follows:

> A person engages in a practice which is declared to be unlawful under the Oklahoma Consumer Protection Act, Section 751 et seq. of this title, when, in the course of the person's business, the person:
> ...
> (20) Commits an unfair or deceptive trade practice as defined in Section 752 of this title[.]

OKLA. STAT. tit. 15 §753(20). Section 752 of the Oklahoma Consumer Protection Act defines deceptive trade practice and unfair trade practice as follows:

> 13. "Deceptive trade practice" means a misrepresentation, omission or other practice that has deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person. Such a practice may occur before, during or after a consumer transaction is entered into and may be written or oral;
>
> 14. "Unfair trade practice" means any practice which offends established public policy or if the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers;

OKLA. STAT. tit. 15 §752.

Having reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff, the Court finds there is a genuine issue of material fact as to whether defendant violated the Oklahoma Consumer Protection Act. Specifically, the Court finds plaintiff has offered sufficient evidence to demonstrate that defendant either deceived or could have reasonably expected to deceive or mislead plaintiff into not requiring a manual override switch be installed on the chiller.

Accordingly, the Court denies defendant's motion for summary judgment as to plaintiff's Oklahoma Consumer Protection Act claim.

### E.  Remaining Issues

Plaintiff asserts that a genuine issue of material fact exists concerning whether the limited warranty provision was provided to it along with the chiller purchase proposal which was ultimately accepted. For its part, defendant contends that the relevant provision was included as part of plaintiff's petition, and thus, plaintiff were informed of this provision. Paragraph 14 of plaintiff's petition provides:

> The sales contract's "terms and conditions" provide for a one-year express warranty covering materials and workmanship, waiving all other warranties, including the implied warranties of merchantability and fitness for a particular purpose.

A plaintiff is bound by allegations contained in its petition. *Jones v. Hopper*, 410 F.2d 1323 (10th Cir., 1969). "Pleadings are judicial admissions and a party may use them to render facts indisputable." *Rhone-Poulenc Argo, S.A. v. DeKalb Genetics Corp.*, 272 F.3d 1335, 1353 (Fed. Cir. 2001) (abrogated on other grounds). Allegations in a complaint "conclusively established" the facts alleged. *Faust v. The Travelers*, 55 F.3d 471, 474 (9th Cir. 1995).

As referenced above, plaintiff referenced express and implied warranty provisions in its petition. Having reviewed the parties' submissions, the Court finds that no genuine issue of material fact exists concerning the limited warranty provision. Specifically, plaintiff's allegation concerning the limited warranty provision is conclusively established based on its petition. Accordingly, the Court grants defendant's motion for summary judgment as to the limited warranty provision.

IV.     CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Summary Judgment as follows:

(A)     The Court GRANTS the Motion for Summary Judgment as to plaintiff's unconscionable contract or clause, fiduciary duty and limited warranty claims, and

(B)     The Court DENIES the Motion for Summary Judgment as to plaintiff's misrepresentation and/or fraud, and Oklahoma Consumer Protection Act claims.

**IT IS SO ORDERED this 25th day of March, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE