IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| API ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-07-853-M |
| | ) | |
| AMERICAN STANDARD, INC., d/b/a TRANE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On April 9, 2008, the parties appeared at the Court's docket call and indicated a dispute remains as to whether a claim still lies concerning a breach of express warranty. The Court, therefore, directed the parties to submit trial briefs on the matter. In response, the parties each submitted trial briefs on the matter [docket nos. 42 and 44], on April 16, 2008. Based upon the parties' submissions, the Court makes its determination.

Plaintiff alleges that defendant made certain representations during the installation of a chiller and thus created an express warranty with respect to the equipment. Specifically, plaintiff contends that defendant made assertions of fact including that the chiller's equipped automatic pump control switch would prevent the chiller from freezing, and that a manual pump control switch was unnecessary. In support of its position, plaintiff cites Tenth Circuit authority indicating that assertions made after a sale can be part of the basis of the bargain and can create an express warranty. *Downie v. Abex Corp.*, 741 F.2d 1235, 1241 (10th Cir. 1984). Plaintiff further alleges that the statute of frauds does not preclude the finding of an express warranty.

Plaintiff, however, is bound by allegations contained in its Petition. *Jones v. Hopper*, 410

F.2d 1323, 1328 (10th Cir. 1969). "Pleadings are judicial admissions and a party may use them to render facts indisputable." *Rhone-Poulenc Argo, S.A. v. DeKalb Genetics Corp.*, 272 F.3d 1335, 1353 (Fed. Cir. 2001) (abrogated on other grounds). Allegations in a complaint "conclusively established" the facts alleged. *Faust v. The Travelers*, 55 F.3d 471, 474 (9th Cir. 1995).

In the Petition, plaintiff alleges it waived all other warranties other than the one-year express warranty in the contract's terms and conditions which covers materials and workmanship. Petition, at 2. Further, the Petition contains no allegation of oral modification of the above-referenced one-year express warranty. Additionally, the Court has granted summary judgment in favor of defendant as to plaintiff's allegation that the contract's disclaimer of all other warranties was unconscionable. The Court, therefore, finds that plaintiff is bound by the facts alleged in its Petition which acknowledge that all other warranties are barred by the contract. Accordingly, the Court DENIES plaintiff's claim concerning the breach of express warranty.

**IT IS SO ORDERED this 22nd day of April, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE